No. 8749.
Orleans Appeal.

## LOUISIANA BOX COMPANY v. FAIRBANKS, MORSE & CO., Appellant.

(December 1, 1924, Opinion and Decree.)
(January 5, 1925, Rehearing Refused.)
(February 6, 1925, Decree Supreme Court Writ of Certiorari and Review Refused.)

*(Syllabus by the Court.)*

1. Louisiana Digest, Sales, Par. 249; Prescription, Par. 95.

The action *quanti minoris* is barred by the prescription of one year, which, when the vendor has knowledge of the defects of the thing sold, begins to run from the date of the discovery of the vice by the vendee.

**(Civil Code, Arts. 2545 and 2546—Editor's Note.)**

Appeal from Civil District Court for the Parish of Orleans, Division "E", Hon. Wynne G. Rogers, Judge.

This is an action *quanti minoris* coupled with a demand for expenses and for damages. Judgment for plaintiff. Defendant appealed.

Judgment reversed.

Gonzelman, Larkin & Gaudet, attorneys for plaintiff and appellee.

Monroe & Lemann, W. J. Suthon, Jr., attorneys for defendant and appellant.

WESTERFIELD, J. This is an action *quanti minoris* coupled with a demand for expenses and for damages which the plaintiff brings as the buyer against the defendant as the seller of a "100 H. P. Fairbanks-Morse Type 'B' Heavy Duty Four Cycle Rebuilt Marine Engine". The plaintiff alleges, the defendant feebly denies, and we find as a fact that the engine was grossly defective and that defendant as the seller had knowledge of the vice and failed to declare the same to the buyer.

The defendant pleads the prescription of one year under Art. 2546 R. C. C. The following articles of the Civil Code are pertinent:

C. C. 2520:

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."

C. C. 2534:

"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale."

C. C. 2541:

"Whether the defect in the thing sold be such as to render it useless and altogether unsuitable to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price."

C. C. 2542:

"The buyer may also content himself with resorting to this action, when the quality, which the thing sold has been declared to possess and which it is found to want, is not of such importance as to induce him to demand a redhibition."

C. C. 2544:

"The action for a reduction of price is subject to the same rules and to the same limitations as the redhibitory action."

C. C. 2545:

"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, is answerable to the buyer in damages."

C. C. 2546:

"In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.

"This discovery is not to be presumed; it must be proved by the seller."

The evidence clearly shows and counsel does not dispute the fact that more than a

year elapsed between the discovery of the vice and the bringing of this suit, but counsel insists that Art. 2546 has no application to any situation other than as described in the preceding Article 2545, where a claim is made for redhibition and for damages and no prescription is established by the articles we have quoted where the seller knows of the vice and no claim is made for damages. Counsel's contention is unfavorably affected by the fact that he has coupled a claim for damages and expenses with his action *quanti minoris* and appears to have drawn his petition with Article 2545 before him upon which his suit seems to be squarely based. However, the trial court in awarding judgment to plaintiff, refused to recognize his claim for damages and counsel has acquiesced in the judgment, consequently, we will consider his contention for what it is worth.

The buyer of a defective article has two remedies. He may return the thing and claim the purchase price and expenses occasioned by the sale or preservation of the thing bought, the redhibitory action, or he may retain the thing and sue for a diminution of the price, the action *quanti minoris*. The latter action will lie even when the thing bought has been disposed of. In George vs. Shreveport Cotton Oil Co., 114 La. 503, 38 South. 432, the Supreme Supreme Court, in considering a case on review from this court, said:

"This court has several times held that a return of the thing sold is indispensable to support a redhibitory action, and that a vendee who, by selling, has disabled himself from returning the thing, cannot recover in such an action; accompanying, however, that declaration by the statement that that fact would not bar an action for a diminution of the price. While the plaintiff in this case, by reason of having disposed of the oil cake which he purchased, could no longer bring an action for the rescission or resolution of the sale, he was not cut off by that fact from bringing the action known in France as the 'action esti-matoire', in this State as an action 'for the reduction or diminution of the price', and generally as the action '*quanti minoris*'. Merlin's Repertoire de Jurisprudence, verbo 'Redhibitoire'."

The prescription applicable to the action in redhibition and the action *quanti minoris* is one year. In the case just cited by us the Supreme Court observes:

"Paraphrasing what Laurent says, speaking of an action 'Recursoire' (Volume 24, p. 303), the demand, being born of the action in warranty for the vices of the thing sold, proceeding from the same cause, and subjected for its justification to the same rules, is necessarily controlled by the same conditions in its exercise, and cannot claim a greater limit for its duration than it does."

The reason for the short prescription is "the necessity and propriety of determining with promptness and certainty whether the articles sold had or did not have the vices which they were charged to have had". *Supra* p. 506.

The prescription of both actions begins to run from the date of the sale, except where the seller had knowledge of the defects and then only from the date of the discovery of the defects by the purchaser.

"Articles 2534, 2544 and 2554 limit the time within which a redhibitory action or one for reduction of price has to be brought to one year, at the furthest, commencing from the date of the sale; but this limitation does not apply where the seller had knowledge of the vice, and neglected to declare it to the purchaser. In the latter case the action may be commenced at any time, providing a year has not elapsed since the discovery of the vice. The discovery is not presumed. It must be proved by the seller." *(Supra.)*

Defendant confidently relies upon the case of Templeton Bros. vs. Fairbanks, Morse & Co., 129 La. 983, 57 South. 309. To quote from counsel's brief: "The case * * * is almost identical with the facts of this case. In that case the plaintiff signed the

contract of sale on October 4, 1906, said contract carrying with it a guarantee that the engine would produce certain 'horsepower'. Delivery and installation of the engine was made in the month of April, 1907, and suit for the reduction of the price was filed on the 31st day of August, 1908."

In our opinion, the Templeton case has no application whatever. It is true that the prescription of one year filed by the defendant in that case was overruled on the ground that the defendant must be held to have known of the latent vices of the thing it sold. But it was overruled because it was sought to have it run from the date of the sale and the law does not establish such prescription in favor of a vendor who knows of the defects of the thing sold. There is nothing in the Templeton case to show when the buyer had knowledge of the vice of the thing bought. Indeed, it seems that the engine sold in that case was accepted and no complaint made of any defect until just before the filing of the suit. To quote from the opinion:

"In their letter of April 28, 1908, copied at page 993, of this opinion, while they spoke of their having 'been having considerable trouble with our plant owing to the fact that we have been unable to get a uniform grade of coal', they said not a word about the engine operating imperfectly. On the contrary, they spoke of having had one carload of coal that was satisfactory, and of their running at the date of the letter with gasoline. Their only complaint was that the gasoline was too expensive, and they inquired if defendant could not give them information how to run the engine with Texas oil or Texas lignite. And, finally, in their letter of May 12, 1908, copied at page 994 of this opinion, they said, 'We have only been able to get one lot of coal on which we could run the plant satisfactorily', which was tantamount to an express declaration that with this lot of coal they had run the plant satisfactorily. From all this we say it is impossible to avoid the conclusion that plaintiff's present dissatisfaction with the engine has grown out of the fact that the engine has now by misuse become much impaired, so that it can no longer come even near fulfilling the guaranty of the contract."

In the instant case there is no dispute that more than one year has elapsed since the discovery of the vice of the thing sold, consequently, a totally different situation than the Templeton case. We conclude, not without some reluctance, that the plea of prescription must be maintained.

It is, therefore, ordered that the judgment appealed from be reversed and it is now ordered that there be judgment in defendant's favor maintaining the plea of prescription filed herein and dismissing plaintiff's suit, plaintiff to pay all costs.